Hand vs. West.

No. 2960.

PETER HAND, TUTOR, VS. JAMES WEST.

The defendant's exception that plaintiff is not tutor of the minor Brand was properly overruled, because the record shows that plaintiff was appointed tutor several months before the institution of this suit.

It is not true that there is but one remedy for a breach of the contract of apprenticeship, and that is: an action to annul it.

A contract was made with the minor, a boy of the age of thirteen, to the knowledge of defendant; and plaintiff, his uncle, merely consented to the contract as guardian, and signed it at the same time it was executed and signed by said minor, both parents of said minor being dead. The fact that plaintiff signed as guardian amounts to nothing, because, as plaintiff resided in this city and was about this time in the employment of defendant, the latter of course had knowledge that plaintiff, as guardian, had no legal authority, there being no such office in the State. The contract was clearly made with the minor, and it falls within the provision of article 1791 of the Revised Code.

The allegations of the plaintiff are in the main sustained by the evidence in the record, which shows that defendant has clearly committed a breach of contract and is liable to plaintiff's claim under the provision of article 2749 of the Revised Code.

APPEAL from the Fifth District Court, parish of Orleans. *Léaumont*, J. Jury trial. *Whitaker & Rice*, for plaintiff and appellee. *M. Grivot* and *Randolph, Singleton & Browne*, for defendant and appellant.

WYLY, J. Plaintiff, the tutor of the minor Charles K. Brand, alleges that, acting as guardian, he assisted said minor in making a contract in April, 1866, with defendant, whereby the said West, in a notarial act, bound himself to teach, or cause to be taught, the said minor the art, trade, mystery, or occupation of a dentist, with all things thereunto pertaining or belonging; that during the period of apprenticeship (a period of some six years) he was to provide said minor with good and sufficient food, meat, drink, washing, lodging, and apparel, and allow and pay the following wages: One dollar per week for and during the second year of said apprenticeship; two dollars per week for and during the third year; three dollars per week for and during the fourth year; four dollars per week for and during the fifth year, and five dollars per week for and during the remainder of the term of said apprenticeship; that said West did further bind himself to teach, or cause to be taught, said apprentice to read, write, and cipher, and to permit and encourage him to attend the public night-schools, whenever such schools should be opened in the city of New Orleans; and it was also understood that said West was to retain one-half of the weekly payments, and the same to remain in his hands to the credit of said apprentice until the expiration of the term of apprenticeship, when the same was to be delivered to said apprentice; that the said minor did bind himself, in order to learn said trade, mystery, or occupation, to dwell and continue with said West, his executors and administrators, from said nineteenth of April, 1866, till the first of July, 1872, and during all said time to faithfully serve said West,

obey his lawful commands, and not depart from his said service without said West's consent.

. Plaintiff alleges that said apprentice complied with all the terms and requirements of said contract, notwithstanding which he was neglected by said West, who failed to teach, or cause him to be taught, in the art, trade, mystery, or occupation of a dentist; to teach, or cause him to be taught, to read, write, and cipher, and decently to supply him with food, washing, lodging, and clothing; but that said West did, on the contrary, employ and compel, or suffer said apprentice to be compelled, to perform menial services and drudgery about the dwelling of said West, and did beat and suffer said apprentice to be beaten in a cruel and inhuman manner by the wife of said West, whereby the very life and limb of said apprentice were imperiled, and did finally, in the month of July, 1869, drive, or suffer said apprentice to be driven, from his premises, and did refuse to permit him to return; that by said neglect and said conduct said West has wantonly violated said contract, and rendered it impossible for said apprentice to fulfill his part thereof, and that petitioner has now the right to demand the full amount that would have been due to said apprentice as wages to the first of July, 1872, as well as an amount reasonable for the clothing, board, washing, and lodging of said minor to said date, as set forth in the petition, the aggregate amount being $2375.

Defendant excepted to the suit on the following grounds—

First—The plaintiff is not the tutor of the minor Brand.

Second—This action is not maintainable; the only action the apprentice would have is a suit to annul the indenture of the nineteenth of April, 1866.

Third—No action can be maintained on the contract, because it is a nullity, never having been entered into between proper parties, plaintiff pretending to act at the execution of said contract as guardian, and not having legal authority to represent said minor.

The court very properly overruled these objections —

First—Because the record shows that plaintiff was appointed tutor several months before the institution of this suit.

Second—It is not true that there is but one remedy for a breach of the contract of apprenticeship, and that is an action to annul it.

Third—The contract was made with the minor, a boy of the age of thirteen, to the knowledge of defendant; and plaintiff, his uncle, merely consented to the contract as guardian, and signed it at the same time it was executed and signed by said minor, both parents of said minor being then dead. The fact that plaintiff signed as guardian amounts to nothing, because as plaintiff resided in this city, and was about this time in the employment of defendant, the latter, of course, had knowledge that

plaintiff, as guardian, had no legal authority, there being no such office in this State.

The contract was clearly made with the minor, and it falls under the provision of article 1791 of the Revised Code, which provides that "the persons who have treated with a minor, person interdicted, or of insane mind, or with a married woman, can not plead the nullity of the agreement, if it is sought to be enforced by the party when the disability has ceased, or by those who legally administer the rights of such person during his disability."

The exceptions being dismissed, the defendant answered, admitting the contract, but denying a violation of its terms and conditions by him. On the contrary, he avers that he has fulfilled the same, and has treated the minor with kindness and affection, and the members of his family have likewise done so ; that he has fed and clothed him with the best food and clothing, and has taught him, so far as the intellect of said minor would permit, the art and mystery of the profession of dentistry. He charges that said minor was addicted to the vice of *self-pollution,* which affected him so as to render him almost unfit for any duties. Respondent avers that he and his family always treated said minor as a member of the family, and that plaintiff was well aware of it. But that said minor on the day (Sunday) he left the premises of respondent had permission to amuse himself, with the request to return at an early hour, and instead of so returning he came home at a very late hour of the evening and in a state of drunkenness, and upon being chided for his appearance he became very insulting and abusive toward Mrs. West, and without any provocation whatever he left respondent's domicile, and has never returned or offered to return; that plaintiff, the tutor of said minor, "forbade him in positive terms to return, and, though requested by respondent, he positively declared he should not return."

Respondent therefore avers that, by his conduct and absence from his domicile, the minor has forfeited all the benefits of said indenture, and respondent is in no manner bound to comply with any of the terms and conditions thereof.

Defendant prayed for a jury, and after hearing evidence and argument it returned a verdict in favor of plaintiff for six hundred dollars. Judgment having been entered accordingly, defendant has taken this appeal.

An examination of the evidence satisfies us that defendant neglected and abused the minor, or permitted it to be done; that, instead of assigning him to service in the office, the minor was put to menial service in the family ; that he was treated in the most cruel and shameful manner, and finally was driven from the house of defendant without proper cause. The defendant has clearly committed a breach of contract. The

Hand vs. West.

allegations of plaintiff are in the main sustained by the evidence in the record.   Article 2749 of the Revised Code provides that " if without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his service arrived."   An important feature of the contract between the defendant and the minor was, that he was to have the labor or services of the mi-. nor for a fixed term, and was to pay him a certain salary or wages in addition to the food, lodging, clothing, and instruction he stipulated to give him.

Defendant has wantonly violated his contract and rendered its execution on the part of the minor impossible.  Shall he escape the penalty allowed to almost every employee for a fixed term and salary, a penalty which the most inferior plantation laborer could demand, simply because in addition to the stipulated wages defendant assumed relations of a higher character toward this minor boy—relations of a parental character ? We think not.  These relations ought to have inspired a deeper determination to uphold the contract and a greater reluctance to violate it.

In the case of the Orphan Asylum vs. the Mississippi Marine Insurance Company, 8 L. 183, this court said : " If the employer of an artisan, or even a common laborer, when the contract is made for a specific sum to be paid for services to be rendered during a fixed period, can not discharge the hireling unless for good cause, without being responsible for the payment of the price of the whole term of service, what sound reason can present itself to the mind of any person why one who contracts to give the use of his mental exertions and services to another should not have the right to claim the entire benefit of a contract made for a determined period ?

" Any license given to parties bound by contracts to dissolve the obligation arising from them at the will of either, forms an exception to the general rule of the inviolability which should prevail in all agreements legally made between individuals."

- Is there in the contract between defendant and the minor, or the law applicable to it, an exception to the general rule of inviolability which should prevail in all legal agreements ?

Counsel for defendant point to articles 164 and 165 of the Civil Code of 1825, in force when the contract in question was made.     But those articles will be searched in vain to find an exception to the rule stated in art. 2720 of the Civil Code of 1825, being art. 2749 of the Revised Code.

We see no reason why the minor should not have the wages stipulated for the determined period of service; and this is what the jury awarded to plaintiff.   1 R. 319; 2 A. 652; 3 L. 299; 12 L. 67; 15 L. 360.

Judgment affirmed.