Healy vs. Allen.

---

## No. 9740.

### J. J. HEALY VS. REV. P. F. ALLEN.

1. The appointment of plaintiff as sexton of St. Patrick's cemeteries was a contract for personal service. The position has no feature of a franchise or public office, and even if assimilated to a private office such as held by an officer of a corporation, those officers are ordinarily regarded as servants or agents and subject to discharge for cause.

2. Injunction is not allowed as a remedy to enforce, or prevent the breach of, contracts for personal service.

3. To authorize the application of injunction, in any case, to prevent the breach of a mere personal contract, the following are essential conditions: (1) that the injury apprehended should not be susceptible of adequate compensation in damages; (2) that the contract should be clearly established, its terms free from doubt, and plaintiff's construction of it clear and certain; (3) that plaintiff should show complete performance on his part of his obligations under the contract.

These conditions are not established to our satisfaction by the evidence in this case and, without precluding the parties as to any questions in a proper action, the injunction is set aside and the parties are remitted to ordinary remedies.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

*James Timony* for Plaintiff and Appellee.

*T. Gilmore & Sons* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The substantial allegations of plaintiff's petition are to

the effect "that on October 2, 1876, he contracted orally with Rev. Patrick F. Allen, for the price and sum of two thousand dollars, that he, petitioner, was to be appointed sexton of St. Patrick's cemeteries Nos. 1, 2 and 3 of this city; * * that, by virtue of the stipulations of said contract, petitioner was to have and enjoy said office of sexton for the period of twenty-five years or during his natural life; that he entered upon the duties of said office of sexton, and has faithfully discharged all the duties and enjoyed all the emoluments and privileges of said office ever since, and has paid the two thousand dollars as agreed; that said Rev. Patrick F. Allen has lately attempted to deprive petitioner of said office and has appointed another, viz: one Patrick Philbin to said office, and that petitioner believes that said Allen will employ force and fraud to eject him from said office and to deprive him of its privileges and emoluments, to his irreparable injury if not prevented by a writ of injunction," for which he accordingly prays against both Allen and Philbin.

The preliminary injunction was accordingly issued.

Defendants moved to dissolve the injunction on the ground, amongst others, that the petition disclosed no cause of action; and, reserving the benefit of this rule, defendant Philbin answered by general denial; and defendant, Allen, in addition to such denial, specially denied the contract set up and payment alleged, and averred " that he hired the services of plaintiff as a laborer and mechanic of the cemeteries, to do the work usually done by a sexton, but that said Healy so neglected the same and so misconducted himself on divers occasions towards respondent and persons owning lots in said cemeteries that respondent found it necessary to discharge him."

The rule to dissolve having been dismissed, the case went to trial on the foregoing issues, and judgment was rendered in favor of plaintiff perpetuating the injunction.

From no point of view, under the evidence in this case, can the relation between the parties herein be regarded as other than a contract for personal service. Plaintiff is not the owner nor the lessee of the cemeteries; he is simply charged with certain duties in the administration thereof, for the proper performance of which he is necessarily answerable to his superior. The position of sexton is not a franchise which can only emanate from governmental authority; nor is it a public office, which must have a like origin.

Even if it were assimilated to a private office, such as an office of a corporation, that would not exempt the holder of it from the character of being an employee or destroy the right of the employer to dis-

charge him for cause. Such officers are ordinarily subject to the direction and control of the corporation, and hence are regarded as their servants or agents and subject to amotion for cause. We have heretofore considered this question and maintained the general principle of the right and necessary power of corporations to remove their officers. State ex rel. Behan vs. Judges, 35 Ann. 1075.

If it were true, as alleged by plaintiff, that owing to incidental advantages accruing to him in his trade of marble-cutter, he had paid for the privilege of being appointed to the place for a term of years, that would not relieve him from the relation of an employee subject to the control and direction of his employer in the discharge of his duties with the consequent right of removal for cause.

The reasons for the recognition of this power are two-fold: 1st., that the employer is responsible for the wrongful acts of his employee; 2d., that the employer has the right to have his business properly transacted and that the only adequate security for this lies in the power of discharge, subject of course to legal responsibility in case the discharge is wrongful or without cause.

Hence the wise and universal rule that injunction is not allowed as a remedy to enforce or prevent the breach of contracts for personal service.

This principle has been applied by this court in a case where the owner of a plantation had contracted with another, in writing, to take charge of his plantation for a term of eight years, to reside thereon with his family, and to have exclusive control and direction of all the business affairs appertaining thereto during said term. Alleging that the owner was about to supersede and forcibly dispossess him, and to remove his family, without cause, and before the expiration of the stipulated term, the plaintiff invoked the remedy of injunction, but this court said : " We are not aware of any right the plaintiff has under the contract to be maintained in the possession and control of the defendant's plantation against his will. If the latter think proper to violate his engagement with the plaintiff, he would thereby subject himself to damages." Seiler vs. Fairex, 23 Ann. 397.

Even, however, if we were to take a more liberal view of plaintiff's rights under the peculiar contract alleged by him, he would yet encounter other fatal obstacles to the allowance of the remedy by injunction.

Courts proceed, with great caution, in applying such a remedy for the enforcement of mere personal contracts, and act only in clear cases of legal right and for the prevention only of irreparable mischief.

Hence the rule is established that, to support such a remedy "the contract itself must be free from doubt, and the injury apprehended from its violation must be of such a nature as not to be susceptible of adequate compensation in damages. And a doubt as to the correctness of the construction of the contract on which the injunction is asked is sufficient ground for refusing to interfere.

And if the contract is uncertain and vague in its provisions, the relief will be withheld." High on Injunction, § 1107.

We are unable to discover any injury to plaintiff from the threatened discharge, which could not be adequately compensated by damages; and, moreover, the contract, and the correctness of plaintiff's construction of it are very far from being free from doubt.

We have never seen a more conspicuous instance of the painful conflicts of evidence which so frequently arise since the law removed disqualifications of interest and admitted the testimony even of the parties themselves.

The contract between the parties was oral and without witnesses. Their own statements as to its terms contradict each other diametrically, and each gives a contrary interpretation of various facts and circumstances which are invoked as corroborating either theory. We are not called upon, in this case, to weigh and determine the preponderance of testimony, but content ourselves with saying that the case, on the evidence adduced, has not that clearness and certainty of proof which would make it proper for the application of the remedy of injunction.

We say this without precluding either party on any question which may arise in an ordinary action for breach of contract.

Another inflexible rule as to injunctions in such cases is that "he who seeks to enjoin the violation of an agreement, or for the protection of his contract rights, must himself come into court with clean hands, and must have carried out, as far as possible, his own part of the contract." High on Injunction, § 1119.

The evidence in the record seriously impugns the conduct of plaintiff in the discharge of his duties, and, without deciding its sufficiency as a cause for discharge, we consider it a sufficient bar to relief by injunction.

Although these questions of law have been slightly referred to by counsel on either side, the importance of the case as a precedent has made it our duty to consider them, and to establish the principles applicable in such cases.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered and decreed that there be judgment in favor of defendant, dissolving the injunction and rejecting plaintiff's demand at his cost in both courts.