No. 2261.
Second Circuit Appeal.

STATE EX REL. THE BAPTIST HOSPITAL, ET AL., v. HON. J. A. WILLIAMS, JUDGE, ET AL.

(November 12, 1924, Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Injunction—Par. 79.**
In view of Act No. 29 of 1924 regarding the issuance of injunctions, and Article 12 of the Civil Code, an injunction signed by the judge without giving the defendant opportunity to show that it could not or would not be enjoined from doing what the writ prevented it from doing is an absolute nullity.

2. **Louisiana Digest — Apprentices—Par. 1, 2.**
Article 164 of the Civil Code defines apprentices as "those who engage to serve anyone in order to learn some art, trade, or profession," and Article 170 expressly declares that bound servants or apprentices and their master may be compelled to the specific performances of their respective engagements. It, however, reserves the

rights of both parties to rescind the contract for just cause.

3. **Louisiana Digest—Apprentices—Par. 2, 3.**
A contract in which a woman engages in training or an apprenticeship for three years in a hospital for which she is paid very small compensation in view of Articles 164 and 170 of the Civil Code is a contract of apprenticeship which may be rescinded by either party for just cause.

4. **Louisiana Digest—Injunction—Par. 125; Attorneys—Par. 60.**
Damages allowed for services of attorney necessary to dissolve an illegal injunction are placed at the sum of $50.00.

Certiorari and prohibition from the Thirteenth Judicial District Court of Parish of Rapides. Hon. John A. Williams, Judge.

This is a suit by which a woman in training in a hospital desired to prevent being discharged on account of her becoming married.

There was judgment for plaintiff on the writ of injunction.

Defendant, the relator herein, filed a petition in the Court of Appeal for a writ of certiorari and prohibition, commanding the respondent judge and Mrs. Alice Treadway to send up to the court the record of the proceedings in the case entitled Alice Treadway vs. Baptist Hospital, et al., then pending on the docket of the Thirteenth Judicial District Court for the Parish of Rapides, to the end that certain orders issued and writs granted in said case be examined and their validity determined.

Judgment declaring the injunction a nullity and allowing $50.00 damages to the defendant for attorney fees.

Hawthorne & Stafford, of Alexandria, attorneys for defendant, relator.

PORTER, J. The relator, the Baptist Hospital, and J. E. Oliver, its manager, filed a petition in this Court praying for a writ of certiorari and prohibition, commanding the respondent Judge and Mrs. Alice

Treadway, to send up to the Court the record of the proceedings in the case entitled Alice Treadway vs. Baptist Hospital, et al., then pending on the docket of the Thirteenth Judicial District Court for the Parish of Rapides, to the end that certain orders issued and writs granted in said cause be examined and their validity determined.

The writ was issued and the entire record, together with the return of the respondent Judge and the answer of the defendant, is now before us. The plaintiff, Mrs. Treadway, has adopted the return of the Judge as her answer.

The said proceedings were begun by a petition which was filed in the said District Court by Mrs. Alice Treadway, against the relators in which the following facts are substantially alleged:

That she entered training, or an apprenticeship, for three years at the Baptist Hospital, a legal corporation domiciled at Alexandria, and conducted under the direction of the Baptist denomination, with J. E. Oliver, as manager; that she entered upon said training on the 26th of April, 1922, and that she received from the institution $15 per month and her board and room. That as a part of the compensation for her work she was to receive lectures and training, and to be graduated from said institution as a trained licensed or professional nurse. That during the first year of her training the work was hard and laborious, the hours long, and the work at times drudgery, but that being desirous of obtaining the training and education of professional nurse she continued to perform the said duties regardless of how laborious they were. That she attended the lectures from time to time as prescribed, and completed her course of lectures and studies and was graduated from the institution on the 12th of May, 1924, but that she did not receive her pin and diploma, or certificate, because the

three years which her contract bound her to stay at the hospital would not be up until the 1st of May, 1925, and that having completed all of her studies she is staying and working at the institution solely for the purpose of completing the time required in order that she may receive her diploma and pin. That she attaches to the petition a copy of her application and contract with the hospital and makes them a part thereof.

She alleges that she was secretly married on March 29, 1924, and has been performing her duties in said institution up until about the first of September, when she was compelled to undergo an operation for appendicitis, and has been unable to return to the hospital since the operation, but expects to do so within the next few days, and "that the said J. E. Oliver, manager of the Baptist Hospital, has threatened and says that he will dismiss your petitioner from said institution as soon as she reports for duty; assigning as his reason the fact that she is married."

That if she is so dismissed she will be unable to gain admittance to any other hospital, and that the two and a half years of slavery and hard work performed by her will be a total loss; that said action on the part of said manager is equivalent to denying her the privilege of becoming a trained nurse, despite the hard work which she has done for said institution.

That marriage is honorably recognized by the laws of God and man and sanctioned and encouraged by public policy, and that it being the only offense with which she is charged, she shows that her said marriage has not in any way impaired or hindered her from performing all of the duties incumbent upon her.

That the view taken by the manager is arbitrary, harsh and unwarranted, and that he will dismiss petitioner unless restrained by injunction. That if the said manager is permitted to carry out his threat and discharge her, without permitting her to re-

main the required length of time, the two years and a half of hard work, drudgery, hard study and self-denial, and the nominal sum of $15 per month will amount to nothing; that the said sum is no compensation for the services rendered; that the training and education constitutes the real consideration for the said services.

That the said institution had kept nurses that had married during their training, and has, on numerous occasions, admitted married ladies for the purpose of taking training, and that married nurses are working in said institution at this time.

That she is not asking for money judgment of any kind, but is simply asking the Court to protect her rights. That an injunction is necessary to protect her rights, and she asks that an injunction restraining the said manager, the board of directors, or any other person in said hospital, from discharging or dismissing her from said institution on account of her marriage, until the further orders of the Court, and that an injunction is the only way in which she can protect her interests, and that if she is dismissed from said institution it will work an irreparable injury upon her. She prays as follows:

"Wherefore, the petition and accompanying affidavit being considered, petitioner prays that upon security being furnished in an amount with the sureties, and with the conditions required by law, that a writ of injunction issue restraining the said J. E. Oliver, or the Baptist Hospital, or the Board of Directors of the Baptist Hospital, from dismissing your petitioner from said institution on account of her marriage until the further order of this Honorable Court, she prays that the said J. E. Oliver, and the Baptist Hospital be duly cited to appear and answer hereto, and after the legal delays have elapsed, and due proceedings had, that there be judgment in favor of your petitioner, perpetuating the said injunction, and for costs and general relief."

The petition, duly verified, was presented to the District Judge and he issued the following order:

"Let a writ of injunction issue herein as prayed for and according to law, upon petitioner furnishing a bond in the sum of One Hundred Dollars."

Given under my hand at Alexandria, La., on this the 18th day of September, A. D. 1924.

(Signed) Leven L. Hooe, Judge."

Four days later, to-wit, on the 22nd of September, 1924, the defendant moved to set aside and vacate the foregoing order on the ground that it was illegal, null and void, for the following reasons:

"That said order for the writ of injunction, given and signed without notice, was improvidently granted, in violation of a prohibitory law, and should be decreed a nullity, vacated and set aside.

That Act 29 of 1924 provides:

'Be it enacted by the Legislature of Louisiana, that hereafter no writ of injunction shall be issued without notice, given as hereinafter provided, to the opposite party or parties to be affected thereby, and without opportunity given for hearing of the opposite party.'"

The motion proceeds to allege, substantially, that plaintiff did not, as required by law, ask that defendant be notified of the intention to apply for a preliminary writ of injunction, and the Court was without authority, and exceeded its powers and jurisdiction, in granting a preliminary writ of injunction, and the same should be set aside as having been improvidently granted.

The motion alleges, in the alternative, that the petition discloses no cause of action, and that the writ ought to be set aside for that reason. That plaintiff is asking to force her services upon the defendant hospital, which if it be a contract of employment, as claimed, is purely one for personal services, and if violated cannot be enforced by specific performance or by injunction.

That if the contract be one of employment, the right to discharge the employe, without cause of any kind, is absolute, the remedy for the violation of such contract is not that invoked by plaintiff.

⸱ That defendants have been damaged by the illegal injunction in the sum of $100.00, as attorneys' fees, which amount defendants are entitled to recover of plaintiffs and the bondsmen in solido. That they will be further damaged by said wrongful injunction, for loss of time, annoyance and vexation, the right to recover which in a separate suit should be reserved.

They pray that plaintiffs be ruled to show cause on a day and hour to be fixed by the Court why the order signed on the 18th of September, 1924, should not be vacated, annulled and set aside, and the injunction dissolved as having been improvidently issued without warrant of law, and in the face of a prohibitory statute; that plaintiffs and the sureties on the injunction bond be condemned in solido to pay damages as attorneys' fees in the sum of one hundred dollars, and that defendant's right to sue for further damages be reserved, and for general relief. .

On the above motion a rule was issued to the plaintiffs to show cause on the 26th day of September, 1924, why the writ of injunction should not be annulled and set aside, with attorneys' fees as prayed for.

This motion was tried before the Hon. J. A. Williams, one of the Judges of the District, at Colfax, Judge Hooe, having signed the original writ of injunction and the order to show cause why it should not be set aside. And His Honor, Judge Williams, after some delay, rendered the following judgment:

"This cause coming on, on motion to dissolve the injunction herein sued out, the trial having been regularly had on said motion to dissolve, the law and the evidence being in favor of plaintiff and against the defendant, and for the reason orally assigned;

It is ordered, adjudged and decreed that the motion to dissolve said writ of injunction be and the same is hereby overruled, and that the order signed by the Court be considered as a preliminary writ of injunction restraining the defendants, and each of them, from proceeding to discharge the plaintiff from her present position.

It is further ordered, adjudged and decreed that the defendant Baptist Hospital show cause on the 14th day of October, 1924, at 9:30, a. m. why the said order should not be perpetual and the defendant be forever enjoined from any further effort to dismiss or expel the plaintiff herein. It is further ordered, adjudged and decreed that the claim of attorneys' fees on the part of defendant is denied. Reserving to the plaintiff (defendant we presume) the right to prove the same at a further hearing of this case.

Judgment read and rendered on the 10th day of October, A. D., 1924. Costs to await the final decision of this case. Judgment read and signed on the 14th day of October, 1924."

From the foregoing judgment it appears that the defendants (plaintiffs in the writ) were ordered to show cause why the preliminary writ of injunction should not be perpetuated on the 14th day of October, the same day as that on which the order or judgment was signed. This is explained by the fact that the hearing on the rule was had on the 10th, or four days previously, and the judgment was rendered on that day.

Whereupon, counsel for defendants filed an exception to said order, the consideration of which appears to have been postponed until the 14th, and then, some discussion having arisen over said exception, the matter was continued, after defendants had given notice of their intention to apply for the present writ, and the judge then read and signed the order which had been rendered four days before. The last note on the minutes of the court merely states that the case was continued for further argument on the exception, we presume, by agreement of counsel. We shall not consider the last exceptions filed by the defendants as they have not been passed upon, but shall confine ourselves to a discussion of the motion first filed to the

·effect. that .the first writ was improvidently granted, and that the petition disclosed no cause of action for injunction relief.

OPINION

·Was the order of September 18th, 1923, improvidently granted?

The petitioner prayed "that a writ of injunction issue restraining the said . J. E. Oliver, or the Baptist Hospital, or the Board of Directors of the Baptist Hospital, from dismissing your petitioner from said institution on account of her marriage until the ·further order of this Honorable Court."

And the order, which was written at the foot· of the petition by plaintiff's counsel, was:

"Let a writ of injunction issue herein as prayed for and according to law upon petitioner furnishing bond in the sum of one hundred dollars."

. And the writ, which was issued in obedience to this order, addressed to the Baptist Hospital, declares that:

"You are hereby enjoined, restrained and prohibited, in the name of .the State of Louisiana and the Thirteenth Judicial District Court in and for the Parish of Rapides, from dismissing or discharging ·the petitioner herein, Alice Treadway, from her ·duties at the Baptist Hospital on account of her marriage; and you are so to remain enjoined and prohibited until the further orders of this Honorable Court."

It is a ·matter of public knowledge that ·a widespread public sentiment has grown up in this country against what was popularly termed government by injunction, and in ·some instances there have been demands from more or less powerful factions or parties which, if acceded to, would almost, if not entirely, have destroyed this most ancient and useful agency through which the courts administer the law. The conservative sentiment of the country, recognizing that great hardship was at times inflicted. upon persons by the ill-advised issuance . of the writ, appears to have agreed that some additional restraints ought to be. placed upon the power of the courts in this matter, and the legislature of this state, doubtless in obedience to this sentiment and following the examples of many other states and of Congress, has recently adopted Act 29 of 1924.

The first section of that act provides in language which cannot be misunderstood:

"That hereafter no writ of injunction shall be issued without notice, given as hereafter provided, to the opposite party or parties to be affected thereby, and without opportunity given for hearing of the opposite party."

The petition in this case, the order granted under it and the writ issued in obedience to that order make no pretense of complying with this mandatory provision of the law. No notice was prayed for and no notice was given to the relator of the application for the writ. No opportunity was afforded it to show, if it could, that it could not or should not be enjoined from doing what the writ prevented it ·from doing.

Our learned brother, the respondent judge, in his return concedes that there was error committed by the judge who signed the first writ or order, but seeks to avoid the consequence of that error by saying that it was the fault of the judge and not of the plaintiff, and that she should not be made responsible for that error.

As we conceive the law to be .there is no room for sentimental or equitable consideration in the question presented.

The Civil Code declares that: "Whatever is' done in violation of a prohibtory law, is void, although the nullity be not formally directed." Article 12.

The respondent judge says that the act provides for the issuance of temporary restraining orders, and justifies his course in considering the original writ as merely such an order by the fact that the petition alleges irreparable injury.

It is true that the act does authorize the judge, in certain contingencies and upon certain carefully prescribed conditions to issue temporary restraining orders. Indeed this was the primary purpose of the law, the manifest purpose of which is to keep matters in *statu quo* until the necessity or legality of the preliminary writ can be determined.

It was the purpose of the legislature to prohibit the issuance of preliminary writs without notice to the opposite party, and opportunity to be heard as to the necessity or legality of them; but the framers of the law foresaw that emergencies might arise where even a short delay might result in the illegal destruction of property or property rights, pending the notice and the hearing on it, and provision was made whereby the defendant could be restrained during the delay.

But this provision, which establishes an exception to the general rule stated in the first section of the act, is made to depend, for its validity upon certain conditions, which are that specific facts shall be made to appear by the verified petition on supporting affidavits that immediate and irreparable injury, loss or damage will result to the applicant before notice can be served, and on hearing had on the application.

It is further provided that bond must be given—except in cases whereby law bond is not required, and that the judge shall state why the order was granted without notice, and shall describe in reasonable detail, and not by mere reference to the petition, or other documents, the act or acts sought to be restrained, and that said order shall, by its terms expire without such time after entry, not to exceed ten days, as the court may fix.

We do not think there is any warranty for considering the writ of injunction as a restraining order, because, first on its fact it is no such thing, and second, because even if it purported to be such an order, none of the conditions prescribed by the statute for its issuance were complied with.

It is, we think, a mere nullity, and must be set aside.

On the exception of no cause of action we are disposed to agree with the respondent judge in overruling it.

The petition and the document annexed to it indicates that the contract between the plaintiff and the hospital is one of apprenticeship. The petition alleges that plaintiff "entered training, or an apprenticeship, for three years".

In another article it is alleged that "the $15.00 per month paid nurses in training is no compensation whatever for the services they perform". She alleges that she attaches to the petition a copy of her contract with the defendant. The document referred to is an unsigned blank form of application and rules for the admission of pupils to the school of nursing of the Baptist Hospital.

It contains among other things, the statement that a monthly allowance of $15.00 for the remainder (after two months of probation) of the first year $17.00 for the second year, and $20.00 for the third year, "will be made for laundry and other expenses. This should not be considered as salary. The education received is counted a full equivalent for the services rendered".

Article 164 of the Civil Code defines apprentices as "those who engage to serve any one in order to learn some art, trade, or profession". And Article 170 expressly declares that:

"Bound servants or apprentices and their

master may be compelled to the specific performance of their respective engagements". It, however, reserves the rights of both parties to rescind the contract for just cause.

The case of Hand vs. West, 28 La. Ann. 148, upon which counsel for defendants rely, is not applicable because the court said: "An important feature of the contract between the defendant and the minor was that he was to have the labor or services of the minor for a fixed term, and was to pay him a certain salary or wages, in addition to the food, lodging, clothing and instruction he stipulated to give him".

And it held, in effect, that the relation between the parties was that of master and servant, and that the contract was one for personal service.

To the same effect is Healy vs. Allen, 38 La. Ann. 867—also cited by counsel. The theory of relator's counsel is that the contract in this case is one for personal service, and under the well established rule cannot be enforced by injunction.

We hold, that, on the face of the record, the contract here involved is one of apprenticeship and hence the above cited authorities are not applicable. We do not deem it necessary to discuss other authorities cited in relator's brief from other jurisdictions because we regard the provision of the Civil Code, above cited, as controlling.

Because we do not know what the proof on the trial of the merits may show as to the real contract we shall leave the matter open for future proceedings in the case.

There is in the record an admission by plaintiff's counsel that Messrs. Scott, Provosty, Dawkins, Peterman and Polk, all members of the Alexandria bar, would, if present, swear that one hundred dollars would be a fair and reasonable fee for the services involved—we presume for the dissolution of the writ.

We are disposed to think that in view of the services actually rendered, this estimate is rather high and shall allow fifty dollars.

### DECREE.

It is therefore ordered, adjudged and decreed that the writ of prohibition herein issued be made peremptory. It is further ordered and decreed that the writ of injunction of date September 18th, 1924, and the order and judgment rendered on the 10th of October, 1924, and read and signed on the 14th of October, 1924, be and the same are hereby annulled, vacated and set aside and that the exception of no cause of action be and the same is overruled.

It is further ordered and decreed that the relator, the Baptist Hospital, do have and recover judgment in solido against the respondent, Mrs. Alice Treadway, as principal and J. A. Packer, as surety, on the appeal bond, in the sum of fifty dollars with legal interest thereon from this date, and that all costs be taxed against the respondent and plaintiff, Mrs. Alice Treadway.