J. H. Dinkgrave, for the use, &c. *v.* Vicksburg, Texas and Shreveport Railroad Company.

The election of a Secretary pro tem. and a resolution that "he shall receive the same salary as is now allowed the Secretary, and shall remain in office until further proceedings," and a resolution also, "that the salary of the (former) Secretary be and is suspended from the present time, until the further order of the Board of Directors," amount to a removal of the Secretary.

The authority given by the charter to the Vicksburg, Texas and Shreveport Railroad Company to remove their Secretary at their discretion, is the law between the Company and their Secretary. The tenure of the Secretary's office is at the discretion of the Company—his employers—and his case is taken out of the general law in relation to the hiring of labor or industry.

It is a sufficient advertisement of calls for stock, under the 3d Sect. of the Charter of the Vicksburg, Texas and Shreveport Railroad Company, if it be published in the town where the subscriber reside.

Calls for stock under the Charter, payable respectively, the 1st March, 1854, the 1st December, 1854, and the 1st March, 1855, make but two calls within twelve months. The term of twelve successive months, commencing the 1st March, 1854, was completed on the 28th of February, 1855.

APPEAL from the District Court of Monroe, *Barry,* J.

*Ludeling,* for plaintiff and appellant. *Morrison* and *McGuire & Ray,* for defendant.

BUCHANAN, J. The plaintiff was appointed on the 25th January, 1853, by the Board of Directors of the Railroad Company, defendant herein, Secretary of the Company. It is admitted by the answer, that the compensation of plaintiff as Secretary, was to be one thousand dollars per annum.

On the 3d May, 1853, the plaintiff being absent, the Board of Directors appointed a Secretary *pro tem.* to take charge of the books, do all the writing, and attend to all the duties incumbent on the Secretary. And, at the same meeting, it was resolved by the Board that the Secretary thus elected *pro tem.* " shall receive the same salary as is now allowed the Secretary, and shall remain in office until further proceedings."

And it was further resolved " that the salary of the Secretary be and is hereby suspended from the present time, until the further order of the Board of Directors."

The present action was brought on the 21st November, 1853, for salary at the rate of $1,000 per annum, from the 25th January, 1853, to November 2d, 1853, being the sum of $770 83-100.

The answer of defendants correctly treats the resolutions of May 3d, 1853, as tantamount to a removal of plaintiff from the office of Secetary of the Railroad Company ; and denies the obligation to pay plaintiff a salary for a longer period.

Defendants rely upon the 22d Section of their original articles of incorporation (Session Acts 1853, p. 187,) which provides that the Board of Directors shall have authority to remove their Secretary at their discretion.

This Section must be considered as the law between the parties, and takes the case out of the general law in relation to the hiring of labor or industry. The tenure of the office of plaintiff was at the discretion of defendants, his employers.

We doubt the right of the Courts to control or review this discretionary power of the Board of Directors; except it be, in the form of an action of

damages, and that only when the removal has been accompanied with circum- stances injurious to the feelings, or derogatory to the reputation, of the officer removed. The District Court has decided correctly, in restricting plaintiff's claim for salary to the date of his removal from office.

We have next to enquire into the correctness of the allowance of the amount claimed in compensation. The defendant plead a reconventional demand for subscription for stock due by plaintiff. The plaintiff contends that by the terms of the Charter of the Company, Section 3d (Acts 1853, page 183,) the calls upon stockholders for payment of instalments of stock ought to have been preceded by certain advertisements in the public papers, which are not proved to have been made in the present case; and he also contends, that the provision of the Section, that not more than two calls for payment of capital stock shall be made in any successive twelve months, has been violated in this instance.

As to the advertisement of calls for stock, we consider that the object of publishing such calls in the newspapers, was to give notice to the stockholders. The plaintiff is a resident of Monroe; and the publication of the call in the Monroe newspaper, which is proved, was sufficient notice to him. We cannot see how he can have been injured by the omission to publish the call in Vicksburg or Shreveport, supposing there was such an omission ; which is not proved.

It is a mistake to consider the calls for stock payable, respectively, the 1st March, 1854, the 1st December, 1854, and the 1st March, 1855, to be more than two calls within twelve months. The term of twelve successive months, commencing the 1st March, 1854, was completed on the 28th February, 1855.

An intervention has been filed by a party to whom the plaintiff has transferred his claim against the Company since this suit was brought. We find no error in the judgment dismissing this intervention.

Judgment affirmed with costs.