49 So.2d 342 (1950)
NEW FOUNDED INDUSTRIAL MISSIONARY BAPTIST ASS'N et al.
v.
ANDERSON.
No. 19558.
Court of Appeal of Louisiana, Orleans.
December 11, 1950.
Roland R. Selenberg, New Orleans, for plaintiffs and appellees.
*343 J. L. Warren Woodville and A. H. Reed, New Orleans, for defendant and appellant.
McBRIDE, Judge.
The New Founded Industrial Missionary Baptist Association is a domestic nontrading corporation, having its domicile in New Orleans, and the Rev. Hilton Anderson, the defendant in this suit, was its president. The plaintiffs herein are the corporation and the seven members of its executive board. Plaintiffs claim that on January 31, 1950, by unanimous vote of the executive board, Anderson was removed from the office of president, for the alleged reason that he had misappropriated funds belonging to the corporation. Notwithstanding said action of the executive board, Anderson continued to act as president, and refused to surrender certain property belonging to the corporation, and by this suit plaintiff's seek an injunction prohibiting him from acting as president, and from disposing of the corporate property. A temporary restraining order was issued, and the usual rule nisi was issued to and served upon defendant.
When the rule was called for trial, it was stipulated by counsel that the case be tried at the same time on its merits.
The defendant interposed exceptions of no right or cause of action, which were by agreement referred to the merits of the case, and as the exceptions were not passed upon by the lower court, and are not reurged before us, we take it that they have been abandoned.
Anderson, after denying that there existed any cause for his removal as president by the executive board, then reconvened, alleging that the plaintiffs falsely and maliciously charged him with embezzlement, knowing the charges to be false. He prayed that plaintiffs be enjoined from in any way interfering with him in the exercise of his duties as president, and that he have judgment against them for the sum of $500 in reimbursement of his attorneys' fee incurred in defending the suit.
The New Founded Industrial Missionary Baptist Association was organized in 1927. Its charter recites that the officers shall consist of a president, vice-president, a financial and a recording secretary, and a treasurer, who shall be elected annually by the General Assembly of the association, on the second Monday of June of each year.
Article V of the charter provides that the corporation shall "be conducted, managed and carried on by the following Boards, composed of members of this corporation, who shall be selected annually, on the Second Monday of June of each year, towit: 1st, An Executive Board, composed of seven to fifteen persons, * * *. The Executive Board will be entrusted with all power during the adjournment of the General Body, * * *."
Article 3 of the by-laws of the association provides:
"Section 1. The governing body of this association shall be an executive Board.
"Section 2. It shall consist of not less than 5 and not more than 15 Pastors, including the State Missionary."
The plaintiff executive board is composed of seven members, all of whom were elected by the General Assembly at the convention held in the City of Shreveport in June of 1949, and according to the charter, the defendant, Anderson, who was selected as president at the said convention, is the ex-officio chairman of all boards of the association. The charter further stipulates that no transaction of any board shall be recognized without the president's endorsement.
We gather from the meager evidence in the record that the New Founded Industrial Missionary Baptist Association is composed of several churches in the City of New Orleans, and that in June of each year a convention is held by the association, the delegates thereto being the pastor and two members of each of the member churches. How many churches belong to the association, or how many delegates attended the convention held in Shreveport in June, 1949, is not shown by the record. But at any rate, the Rev. Anderson was selected by the convention as president, and the *344 seven individuals who appear as plaintiffs herein were elected as members of the executive board of the association.
The lower court held that Anderson had been removed by the executive board as president, and accordingly issued a permanent injunction restraining and prohibiting him from holding meetings in the name of the New Founded Industrial Missionary Baptist Association, from disposing or otherwise encumbering its property, and from exercising the rights or duties of president of the corporation. The reconventional demand was dismissed. Defendant has appealed.
Unquestionably, the charter and by-laws of the association clothe the executive board, which is comparable to the board of directors of a business corporation, with the management of the ordinary affairs of the New Founded Industrial Missionary Baptist Association, between annual conventions.
Under the general law, the power of motion of officers is inherent in every private corporation as an incident of its very being, and may be expressly conferred by statute or by charter. 19 C.J.S., Corporations, § 738, p. 71.
The jurisprudence of this state is to the effect that an officer of a corporation is ordinarily deemed to be a servant or agent of the corporation, and may be removed from office for cause under the inherent powers of the corporation. Healy v. Allen, 38 La.Ann. 867.
Recent statutory enactments provide for the removal of corporate directors. R.S. 12:119, subd. B, the source of which is Act No. 455 of 1948, provides: "Unless the articles or by-laws provide otherwise, the board of directors may remove a director from office for any proper cause, * * *."
Insofar as the removal of officers or agents of a nonprofit corporation is concerned, R.S. 12:121, derived from the same source, provides: "Unless the articles or by-laws provide otherwise, any officer or agent may be removed by the board of directors whenever in its judgment the best interests of the corporation will be served. Such removal shall be without prejudice to the contract rights of any person so removed."
Appellant's counsel have devoted a substantial part of their argument to the merits of the controversy between Anderson and the executive board which gave rise to the former's removal as president. We do not believe that we should pass upon that matter, as it seems to us that, in view of the power vested in a board of directors by R.S. 12:121, a court has no right or jurisdiction to review the discretionary action of the board in removing an officer, unless the contract rights of the person removed are involved. Anderson does not pretend that any of his contract rights have been prejudiced, and we are not privileged nor required to inquire whether sufficient cause existed for his removal. Notwithstanding their discussion of the controversy, appellant's counsel, in brief, state: "I do not think it necessary for the court to go into the question of whether or not this defendant is guilty of embezzlement. Either the Executive Board had a right to remove him or they had not the right."
In 1855, in the case of Dinkgrave v. Vicksburg, Texas & Shreveport R. R. Co., 10 La.Ann. 514, the Supreme Court made the following observation: "We doubt the right of the Courts to control or review this discretionary power of the Board of Directors; except it be, in the form of an action of damages, and that only when the removal has been accompanied with circumstances injurious to the feelings, or derogatory to the reputation, of the officer removed. * * *"
Counsel further argue that even if the executive board possessed the power of removal, the board could not legally remove Anderson, who was appointed to the office of president not by the board, but by the General Assembly in annual convention. The answer to that is that the corporate charter endows the executive board with full and complete power to govern the affairs of the association in the interim between annual conventions, and within that power is embraced the inherent and statutory right to remove any of the *345 corporate officers, regardless of by whom appointed.
There is in evidence a certified copy of the minutes of the meeting of the executive board which plaintiffs say was held on January 31, 1950, and these minutes are strenuously assailed by defendant, who testified that no meeting of the board was held on that date. The testimony of defendant and of a witness produced by him is diametrically opposed to the testimony of the members of the executive board. Anderson insists that no meeting was held on the date in question, and that the parties, on said date, merely engaged in a "table talk," and that nothing was said about removing him from office.
The general rule is that directors possess authority to act as a board only at regularly assembled meetings, but the law admits of exceptions. The seven members of the executive board certainly assented to the removal of Anderson from the office of president, as shown by the minutes, and their conclusion was unanimous. Under the circumstances, we entertain not the slightest doubt that the action of the board, even if there was no meeting, is just as valid as though the vote to remove Anderson had been taken at a regularly called and legal meeting of the board.
Appellant postulates that if he is barred from the office of president, injury would result to the corporation, as no one would be eligible to carry out the duties of president until the vacancy is filled by the General Assembly at the annual convention. This contention is untenable. The evidence shows that the vice president of the corporation is now acting as its president. As a general rule, in the absence of the president, or where a vacancy occurs in the office of president, it is the duty of the vice president to act in his stead, and as such to perform the duties which devolve upon the president. Thompson on Corporations, 3rd Ed., page 116; 19 C.J.S., Corporations, § 752, p. 98. If this were not so, the business of a corporation would be at a standstill until the vacant office is regularly filled.
Counsel also point to the minutes and argue that the action of the executive board amounted to an "impeachment," and not a removal from office. It does appear from the minutes of the meeting of January 31, 1950, that Anderson was "impeached," and counsel say that in impeaching him the executive board merely brought an accusation against him and accused him of wrongdoing, and that the use of the word "impeach" evidenced the executive board's intention of merely preferring charges against Anderson, which charges would have to be referred to the General Assembly for action thereon. We cannot agree with counsel's construction of the language contained in the minutes. We think it crystal clear that by its action of January 31, 1950, the executive board effectively removed Rev. Anderson from the office of president of the corporation for embezzlement. No other construction can be placed on its action. The minutes even go so far as to provide: "It was motioned By Rev. James Shephard that the Pres Rev. Hilton Anderson name Be moved from the Banking Account of the New Founded Industrial Missionary Baptist Association."
In Dinkgrave v. Vicksburg, Texas & Shreveport R. R. Co., supra, the secretary of a corporation was absent from a meeting, and the board of directors appointed a secretary pro tem to attend to all of the duties encumbent upon the secretary. It was said that such action was tantamount to a removal of the secretary from office.
The charter of the corporation provides that no transaction of any corporate board shall be recognized without the president's endorsement, and it is argued that his removal from office is without effect until such time as he approves it. This contention must fall of its own weight. If Anderson's approval is necessary to render his own ouster effective, the anomalous result would be that he could thwart the action of the executive board, and deprive it of its statutory right and power to remove him from office.
The judgment appealed from dismissed the intervention filed by several persons *346 who had joined with defendant in resisting plaintiffs' demands, but as no appeal was taken by the intervenors, the intervention is not before us for consideration.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.