**Bobbie J. MOORE, Appellant,**

v.

**LION OIL COMPANY, Appellee.**

**No. 80–1568.**

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1981.

Decided June 30, 1981.

---

John W. Walker, P. A., Little Rock, Ark., Matthew F. Horan, Fayetteville, Ark. (argued), for appellant.

H. Derrell Dickens (argued), El Dorado, Ark., for appellee.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

HEANEY, Circuit Judge.

Bobbie J. Moore appeals the dismissal of her sex discrimination complaint filed pursuant to 42 U.S.C. § 2000e *et seq.* The district court ordered judgment for the defendant, Lion Oil Company, on two grounds: first, that plaintiff's complaint was barred because she failed to file a charge with the Equal Employment Opportunity Commission within 180 days of the alleged act of discrimination and, second, that plaintiff failed to establish a *prima facie* case of discrimination. We do not reach the merits of plaintiff's case since we agree that the complaint is time-barred.

Bobbie J. Moore was employed by Lion Oil Company from 1968 to March 31, 1976. She was initially hired as a secretary at Lion's North Little Rock distribution office. She later became a senior clerk, handling about ninety percent of the paperwork of that office.

In early 1976, Lion Oil was acquired by Tosco, Inc., a California-based company. Lion Oil was "reorganized," resulting in the elimination of all senior clerk positions in the company, including Moore's. Moore advised Lion personnel that she wished to remain with the company, and that she should be considered for any job that became available.

Shortly after Moore's termination, two of her former supervisors, Guy Slack and Tom Swift, advised her that they wanted to rehire her. They devised a new position, modifying the company's "warehouseman" job description to emphasize the record keeping and inventory functions and eliminate the requirement of loading and unloading freight.

Although the duties of this "new" position were similar to those formerly performed by plaintiff, Slack and Swift apparently used the "warehouseman" title because they assumed a clerk position would not be approved. The job description was submitted to Tosco's management, with a recommendation that Moore be hired to fill the job. On April 20, 1976, Tosco disapproved creation of the new position. Moore was apparently not advised of Tosco's decision.

Sometime later, Tosco authorized Slack to fill the job of "warehouseman" as it had

been originally described. Slack hired Ben Heater on August 16, 1976. Heater worked as a warehouseman from that date until the job was phased out one year later.

On March 4, 1977, the plaintiff filed a charge with the Equal Employment Opportunity Commission.[1] The EEOC issued the plaintiff a Right to Sue Letter on March 29, 1977, and she brought suit in federal district court on June 14, 1977.

By agreement of counsel, the plaintiff's complaint was limited at trial to a claim that she had been denied a job as "warehouseman" because of her sex, and that a less-qualified male, Ben Heater, was hired. The court deferred disposition of defendant's motion to dismiss the plaintiff's complaint as time-barred until the end of trial.

We affirm the district court's ruling that Moore's complaint was barred for failure to comply with the procedural requirements of Title VII. Under that Act, a person seeking relief for employment discrimination must file a charge with the EEOC within 180 days after the alleged unlawful employment practice has occurred. 42 U.S.C. § 2000e–5(e). The allegedly unlawful act at issue below occurred on August 16, 1976, when Heater was hired by the defendant as a warehouseman. Two hundred days later, on March 4, 1977, Moore's charge was received by the EEOC.

Moore argues that the 180-day time limitation is analogous to a statute of limitations that may be "tolled" in appropriate circumstances. A number of courts have adopted such a rule, refusing to characterize the 180-day limitation as "jurisdictional." *See Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295 (5th Cir. 1979); *Hart v. J. T. Baker Chem. Co.*, 598 F.2d 829 (3d Cir. 1979); *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 475 (D.C.Cir.1976), *cert. denied*, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978); *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924 (5th Cir. 1975); *cf. Dartt v. Shell Oil Co.*, 539 F.2d 1256 (10th Cir. 1976), *aff'd per curiam*, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977) (analogous provision in Age Discrimination in Employment Act of 1967 subject to equitable tolling).

Our Court has not addressed the issue of whether a district court is without jurisdiction to entertain a discrimination claim that has been filed with the EEOC more than 180 days after the alleged unlawful employment practice occurred. We need not do so here. The plaintiff has not shown any circumstances that would justify tolling the 180-day time limitation in this case.

Moore claims that she did not have actual knowledge that she had been discriminatorily denied employment in favor of Heater until the first week of December, 1976. She has not shown, however, that this "fact" would not have previously been apparent "to a person with a reasonably prudent regard for his rights." *See Reeb v. Economic Opportunity Atlanta, Inc., supra*, 516 F.2d at 930.

The only evidence that Moore proffered to support her claim that the statute should be equitably tolled was her testimony that Slack lulled her into believing that the modified "warehouseman" position would be approved by Tosco. She testified that she called Slack a number of times after the job description was sent to Tosco, and that Slack told her that they were "waiting to hear something from California." She did not specify the time period of these calls, but there is some indication that her inquiries ceased before or during September, 1976. The district court specifically found that "through reasonable efforts," Moore could have determined that the job had not been approved by at least August 16, 1976, when Heater was hired. Thus, even if Slack's alleged misrepresentations reasonably prevented Moore for a time from ascertaining her job situation, she has shown no circumstances that prevented her from discovering the alleged discrimination after the date Heater was hired.

The order of the district court is affirmed.

1. 29 C.F.R. § 1601.13(a) provides: "The timeliness of a charge shall be measured for purposes of satisfying the filing requirements of section 706(e) of Title VII by the date on which the charge is received by the Commission."