**Barbara KING, Plaintiff,**

v.

**TELESPHERE INTERNATIONAL, INC., Defendant.**

**No. 84 C 4653.**

United States District Court,
N.D. Illinois, E.D.

Feb. 21, 1986.

Barbara King, New York City, John L. Gubbins, Marianne O. Richardson, John Gubbins, Ltd., Chicago, Ill., for plaintiff.

John J. Verscaj, Bell, Boyd & Lloyd, George S. Kois, Chicago, Ill., for defendant.

## ORDER

NORGLE, District Judge.

Before the Court are two motions: 1) Plaintiff's ("KING") motion for leave to file a second amended complaint (adding a Title VII claim); 2) Defendant's ("TELE-SPHERE") motion for summary judgment on Counts I through III. King's motion to file a second amended complaint is granted; Telesphere's motion for summary judgment is denied. Additionally, because Telesphere contests the validity of King's claim for relief under Title VII, the Court interprets part of Telesphere's Reply Brief as a motion to dismiss Count IV of the second amended complaint pursuant to Fed.R. Civ.P. 12(b)(6). That motion, however, is also denied.

### I Motion for Leave to File a Second Amended Complaint

The charge King filed with the EEOC alleges that she asked Telesphere (by letter) for an explanation for her termination in April, 1984. She also alleges Telesphere failed or refused to answer that letter. In short, King contends she was unaware of Telesphere's reasons for firing her until Telesphere divulged an internal memo on that subject in the course of discovery in this lawsuit.

Telesphere counters with the argument that King failed to file her EEOC charge within the required 180 days and, therefore, her Title VII claim is barred. Further, Telesphere contends King may not avail herself of the equitable tolling doctrine because 1) she knew or should have known the reason for her termination on the date it occurred (March 22, 1984) and 2) with that knowledge, she failed to file a timely charge.

■ The event which triggered the running of the 180 day period of limitation was King's firing on March 22, 1984. *See Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). Because she filed a charge with the EEOC on February 26, 1985, her Title VII claim is barred unless the equitable tolling doctrine is available to her.

■ Generally, the availability of the equitable tolling doctrine is dependent upon a plaintiff's reasonable efforts to obtain information which may support a discrimination claim. *See e.g., Moore v. Lion Oil Co.*, 652 F.2d 746, 748 (CA 8 1981) (finding absence of reasonable efforts). Such a requirement is not unlike the due diligence required in fraud cases. *See e.g., Suslick v. Rothschild Securities Corp.*, 741 F.2d 1000, 1006 (CA 7 1984). In any event, it is axiomatic that the failure or refusal of an employer to provide an employee with reasons for her termination will greatly hinder the discovery of a Title VII claim. In such circumstances it would be inequitable to deny application of the equitable tolling doctrine when the employee has explicitly requested reasons for her termination. And that is this case.

■ Telesphere did not provide King with reasons for her termination on March 22, 1984. Nor did Telesphere answer King's letter requesting reasons in April of 1984. In short, Telesphere fails to advance any convincing argument that King knew or should have known sufficient facts to support the filing of a charge with the EEOC. Thus, Telesphere effectively prevented King from discovering her Title VII claim when it refused to provide her with reasons for her termination.

In light of Telesphere's failure or refusal to provide King with the reasons for her termination 1) at the time of termination (on March 22, 1984) or 2) upon her request by letter (in April, 1984), it would be inequitable to strictly apply the 180 day period of limitation. *Cf. Smith v. McClammy*, 740 F.2d 925, 927 (CA 11 1984). Thus, the Court concludes the equitable tolling doctrine operated to suspend the period for filing a charge with the EEOC until Telesphere answered King's interrogatories on October 1, 1984 and King's filing with EEOC was timely. The Court notes, however, the matter of King's filing with EEOC is still open to attack on summary judgment or at trial: Does one letter to Telesphere constitute a "reasonable effort" to support an equitable tolling? *See, e.g., Moore*, 652 F.2d at 748; *Hart v. J.T. Baker Chem. Corp.*, 598 F.2d 829 (CA3 1979). That issue need not be resolved here because neither party has briefed it. In any event, King's motion for leave to file the second amended complaint is granted. *See* Fed.R.Civ.P. 1, 15(a).

## II  Motion to Dismiss?

Telesphere also attacks the second amended complaint on substantive grounds, a Rule 12(b)(6) theory. Telesphere insists the Title VII allegations are insufficient because King fails to allege disparate treatment between similarly situated employees.

The second amended complaint alleges King was reprimanded and fired for her use of profanity in the presence of a senior vice-president. King also alleges that she witnessed a male employee, one Cohn, utter a string of profanities in the presence of the same officer. That employee was never reprimanded or fired.

■ Telesphere insists King and Cohn are not similarly situated because King was an employee under contract to Telesphere and Cohn was merely a "consultant." The implication, of course, is that Telesphere, for one reason or another, did not have the power to discipline Cohn the "consultant" in the same way it had the power to discipline King the "employee." But, because Telesphere fails to provide any reason why this should be the case (either legally or factually), the Court believes this issue must await resolution on summary judgment or at trial. In this context, it would seem to make little difference that King and Cohn had different titles or duties with Telesphere, or that

both had different duration for employment. Instead, the issue would seem to center on whether Telesphere had the same power to discipline both King and Cohn and whether it chose to exercise that power in a disparate manner. *See generally Schlei & Grossman* at 13–21. Accordingly, what the Court interprets as Telesphere's Rule 12(b)(6) motion to dismiss the second amended complaint is denied.

### III  Telesphere's Motion for Summary Judgment

Telesphere insists it is entitled to summary judgment on Counts I through III. Telesphere's motion is made with reference to the first amended complaint. But Counts I through III remain unchanged in the second amended complaint. Consequently, the Court is free to address Telesphere's motion for summary judgment as one attacking the second amended complaint. However, because the Court's examination of the briefs and materials submitted on the motion reveal genuine issues of material fact, Telesphere's motion for summary judgment is denied. The Court's ruling on the various legal theories propounded by the parties is as follows:

■ 1) King was not an at will employee. The contract she signed with Telesphere on March 12, 1984 is the controlling instrument in this lawsuit. *Rynar v. Ciba-Greigy Corp.*, 560 F.Supp. 619, 624 (N.D. Ill.1983) (citing cases). The Court's interpretation of that contract would allow for King's dismissal for "cause" as limited by the four definitions stated in the contract. *See* Deft's Ex 1.

■ 2) Telesphere's personnel policy guidelines are advisory only and did not become a part of King's employment contract. *Enis v. Continental Illinois Nat'l Bank,* 582 F.Supp. 876, 878–79 (N.D.Ill. 1984) (citing cases).

■ 3) King's acceptance of severance pay does not serve as a waiver of her right to recover in this lawsuit. Telesphere fails to cite any Illinois court which has adopted such a principle of law and the Court, in its own research, has found none. Additionally, Telesphere has failed to make a convincing argument that this Court (a federal court sitting with diversity and federal question jurisdiction) should introduce such a principle into Illinois common law. Further, the Court believes this ruling comports with the traditional principles of waiver.

■ 4) The employment contract at issue here allowed Telesphere to fire King for "cause." One element of "cause" defined in the contract is "[u]nsatisfactory performance as determined by a majority vote of the Board." Deft's Ex 1. Telesphere is correct in its assertion that the appropriate standard (under Illinois law) is a subjective one. *Deltak, Inc. v. Schwartz,* 119 Ill.App.3d 119, 456 N.E.2d 187, 191–92, 74 Ill.Dec. 685, 689–90 (1st Dist.1983); *Ray v. Georgetown Life Ins. Co.,* 94 Ill.App.3d 863, 419 N.E.2d 721, 722–23, 50 Ill.Dec. 613, 614–15 (3d Dist.1981). But Telesphere apparently ignores a fundamental and significant aspect in the exercise of its contract right to terminate King for cause: the exercise of good faith and fair dealing read into every Illinois contract. *See Dayan v. McDonald's Corp.,* 125 Ill.App.3d 972, 81 Ill.Dec. 156, 466 N.E.2d 958 (1st Dist.1984); *Criscione v. Sears Roebuck & Co.,* 66 Ill.App.3d 664, 23 Ill.Dec. 455, 384 N.E.2d 91 (1st Dist.1978). *See also Coca-Cola Co. Foods v. Olmarc Pkg. Co.,* 620 F.Supp. 966, 971 & n. 3 (N.D.Ill.1985) (citing cases). And it is precisely that issue which generates a genuine issue of material fact requiring a trial of this case: Did Telesphere exercise its contract right (to terminate King for cause) in good faith?

5) The procedure followed by Telesphere in discharging King is not an issue in this lawsuit. King fails to direct the Court to *any* legal principle which entitles her to formal Board action prior to termination. *Cf. New Founded Ind. v. Anderson,* 49 So.2d 342, 345, (La.App.1950). However, the character of the Board's action is not necessarily beyond the scope of this lawsuit. The way the Board did what it did may be relevant to the issue of whether

Telesphere exercised its contract rights in good faith. To that extent, at least, the Board's action remains for trial.

### IV Conclusion

Based on the foregoing, Telesphere's motion for summary judgment is denied. A discovery cut off in this lawsuit is set for 60 days from the date of this Order. The parties shall file a Final Pretrial Order 30 days thereafter. Upon receipt of the Final Pretrial Order, the Court will set a trial date. The parties will be informed of the trial date by minute order.

IT IS SO ORDERED.