Rebecca **SHEPHERD**, Appellant,

v.

The **KANSAS CITY CALL** and **Reuben Benton**, Appellees.

No. 89–2225.

United States Court of Appeals, Eighth Circuit.

Submitted April 2, 1990.

Decided June 11, 1990.

Rebecca Shepherd, pro se.

Jeffrey A. Befort, Kansas City, Mo., for appellees.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

McMILLIAN, Circuit Judge.

Rebecca Shepherd appeals from a final judgment entered in the District Court for the Western District of Missouri dismissing her complaint under 42 U.S.C. § 2000e–5 on the ground that she failed to file a timely prerequisite charge of discrimination with the Equal Employment Opportunity Commission (EEOC). For the reasons discussed below, we remand for further proceedings.

In December 1988 Shepherd, a black woman, filed a pro se Title VII complaint alleging that her discharge from employment on September 13, 1985, resulted from sex and race discrimination and was preceded by sexual harassment. The form complaint alleged that Shepherd had timely filed a written charge of discrimination with the EEOC, received a right-to-sue letter, and fulfilled all conditions precedent to commencing the lawsuit. Defendant employers moved for dismissal or summary judgment on the ground that Shepherd's suit was barred because she filed the discrimination charge with the EEOC on June 24, 1986, more than 180 days after her discharge. The district court noted that the timeliness requirement for the EEOC charge is not a jurisdictional prerequisite to a Title VII action, but is subject to equitable tolling, estoppel, and waiver. After eliciting Shepherd's response and finding that she had not alleged the existence of any circumstance excusing a late filing, the district court granted defendants' motion to dismiss. This appeal followed.

Title 42 U.S.C. § 2000e–5(e) provides in pertinent part that a charge must be filed with the EEOC

within one hundred and eighty days after the alleged unlawful employment practice occurred ... *except* that ... [where] the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice ... such charge shall be filed by or on behalf of the person aggrieved within *three hundred*

*days* after the alleged unlawful employment practice occurred.

(emphasis added). In addition, section 2000e–5(c) provides that no charge may be filed with the EEOC "before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated."

A state having the type of enforcement agency referred to in subsections (c) and (e) is called a "deferral" state, and the extended EEOC filing period applies when a charge is filed first with the state agency by either the complainant or the EEOC. *See Mohasco Corp. v. Silver,* 447 U.S. 807, 815–16, 100 S.Ct. 2486, 2491–92, 65 L.Ed.2d 532 (1980). If the EEOC initially receives a charge and forwards it to the state agency, the EEOC may not treat the charge as "filed" until state proceedings terminate or 60 days pass, whichever is earlier. *Id.* at 816–17, 100 S.Ct. at 2492–93. Thus a charge received by the EEOC after 240 days and before 300 days can be timely filed if the state agency terminates its proceedings before the 300–day period expires. *Owens v. Ramsey Corp.,* 656 F.2d 340, 342 (8th Cir.1981). Moreover, pursuant to a worksharing agreement with the EEOC, a state agency may waive the 60–day deferral period and thereby "terminate" its proceedings so that the EEOC may immediately deem a charge filed and begin to process it. *EEOC v. Commercial Office Products Co.,* 486 U.S. 107, 114–15, 108 S.Ct. 1666, 1671–72, 100 L.Ed.2d 96 (1988).

Missouri is a deferral state because it has authorized the Missouri Commission on Human Rights (MCHR) to process charges of employment discrimination. *See Owens,* 656 F.2d at 342 & n. 4. Neither this fact nor the 300–day filing period was acknowledged in the district court. The record does not address either the existence of any worksharing agreement or the nature of any interaction between the MCHR and the EEOC regarding the charge Shepherd submitted to the EEOC on the 284th day. Thus, remand is necessary to determine whether Shepherd's charge was timely filed.

Accordingly, we reverse and remand for further proceedings.