178 F.Supp.2d 1045 (2001)
Valerie TOWNES, Plaintiff,
v.
Ruth FINKELSTEIN, Les Finkelstein, Defendants.
No. 4:01CV493JCH.
United States District Court, E.D. Missouri, Eastern Division.
November 13, 2001.
Valerie Townes, St. Louis, MO, pro se.
Thomas O. McCarthy, Partner, Jeffrey M. Linihan, McMahon and Berger, St. Louis, MO, for defendants.

MEMORANDUM AND ORDER
HAMILTON, Chief Judge.
This matter is before the court pursuant the Motion to Dismiss filed by Defendants Ruth Finkelstein and Les Finkelstein. See Doc. 14.[1] For the reasons stated in this Memorandum and Order, Defendants motion is granted.

*1046 BACKGROUND
In her complaint, Plaintiff alleges that she purchased merchandise from Defendants, and that she never received nor was she reimbursed for the merchandise. See Doc. 4. In particular, Plaintiff alleges that Defendants sent "their body guards" and "their home decorator" to her home in February 1997. See id. at 4. At that time, Plaintiff asserts that she ordered wallpaper and paint, for which she paid in full. See id. at 4. Plaintiff contends that, subsequently, she was told by the home decorator that she should reorder because the merchandise she chose was unavailable. See id. at 4. Pursuant to this request, Plaintiff states that she reordered. See id.
Plaintiff alleges that "later [she] changed [her] mind and wanted a refund," but "was told that [she] could not get a refund." Id. She asserts that although she requested that the merchandise [which she ordered] be shipped to her, it never was. See id. Plaintiff alleges that she "was treated differently than other customers who were white," that she was "refused service," and that the money she "gave for service ... was kept and [she] never received the merchandise." Doc. 4 at 3. Plaintiff contends that Defendant Les Finkelstein has "refused to send [her] money or merchandise because [B]lack customers are treated differently." Id.
Plaintiff alleges that she complained to the Better Business Bureau ("B.B.B.") and that the B.B.B. told her it "had many complaints from [B]lack patrons." Id. Plaintiff does not specify in her complaint whether the alleged complaints with the BBB were against the named defendants or against Sunshine Drapery.
In the complaint, Plaintiff also does not allege the relationship between Sunshine Drapery and the named Defendants, although the complaint refers to Defendants as if they are the same entity as Sunshine Drapery. In their Motion to Dismiss, Defendants state that Defendant Les Finkelstein is the sole shareholder of Sunshine Drapery and that Ruth Finkelstein is a member of management for Sunshine Drapery. See Doc. 14, Mem. at 2.
Plaintiff filed her complaint alleging employment discrimination, pursuant to Title VII of the Civil Rights Act of 1964. See Doc. 4 at 1. She asserts that jurisdiction is conferred on this court pursuant to 42 U.S.C. § 2000e-5. See id. Plaintiff alleges that Defendants are "an employer, employment agency, or labor organization," as defined in 42 U.S.C. § 2000e. See id. at 2. Plaintiff contends that by engaging in the above described conduct, Defendants discriminated against her based on her race. See id. at 3. Plaintiff does not state her race specifically in her complaint. However, she suggests that she is Black, in reference to the alleged response of the BBB to her complaint. See id. at 4. Plaintiff does not allege that she filed a charge with the Equal Employment Opportunity Commission ("EEOC") or with the Missouri Commission on Human Rights ("MCHR"), regarding the above described alleged acts of discrimination. See id. at 3. For damages, Plaintiff seeks $950 in restitution and $5,000 for "pain and suffering."[2]Id. at 5.

STANDARD FOR DISMISSAL
When ruling on a motion to dismiss under Rule 12(b), the Court must take the allegations of the complaint as true. See East v. Lemons, 768 F.2d 1000, 1001 (8th *1047 Cir.1985). The complaint must be liberally construed in a light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir.1994). A cause of action should not be dismissed for failure to state a claim unless, from the face of the complaint, it appears that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. See Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80, (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir.1978).

DISCUSSION
In their motion to dismiss Defendants allege that the complaint in this matter should be dismissed because (1) Plaintiff has failed to name the proper party as a defendant, (2) Plaintiff's complaint purports to state a claim for race discrimination in violation of Title VII, based on her customer status, while a customer is not afforded a right of action under Title VII, and (3) Plaintiff has failed to satisfy the procedural prerequisites of Title VII, because she has not filed a charge of discrimination with the EEOC. See Doc. 14 at 1. Plaintiff has not filed a response to Defendants' motion.
The court first addresses Defendants' argument that Plaintiff has not exhausted the procedural requirements of Title VII. Plaintiff filed her complaint pursuant to the Civil Rights Act of 1964 ("the Act"), 42 U.S.C. § 2000e et seq., alleging employment discrimination based on race. See Doc. 4 at 1. Under the Act, the Eighth Circuit has stated that "a person seeking relief for employment discrimination must file a charge with the EEOC within 180 days after the alleged unlawful employment practice has occurred." Moore v. Lion Oil Company, 652 F.2d 746, 748 (8th Cir.1981). The Act also provides that in "deferral states" this requirement may be met by filing a charge with a state agency. Shepherd v. Kansas City Call, 905 F.2d 1152, 1153 (8th Cir.1990). Missouri is a deferral state because it has authorized the MCHR to process charges of employment discrimination. See id. Plaintiff does not allege that she filed a charge with the EEOC or with the MCHR. Therefore, the court finds that Plaintiff has failed to comply with the procedural requirements of the Act.
Defendants also argue that, because Plaintiff alleges she is a customer of Defendants and not an employee, she has failed to state a claim under Title VII. Section 2000e(f) defines the term "employee" as "an individual employed by an employer." Plaintiff alleges that she is a customer of Defendants and not an employee. Section 2000e-2(a) sets forth employment practices which are prohibited by employers in regard to their employees or individuals who seek employment. Section 2000e-2(b) provides that certain conduct of employment agencies is unlawful, and § 2000e-2(c) provides that certain conduct of labor organizations is unlawful. Plaintiff's complaint does not allege that Defendants are her employer, that she applied for employment with them, or that they are an employment agency or a labor organization. Rather, Plaintiff alleges that she is a customer of Defendants. See Doc. 4 at 3.
Because Plaintiff did not file a complaint with either the EEOC or the MCHR, and because she does not allege that she is an employee of Defendants, the undersigned finds that, from the face of Plaintiff's complaint, it appears that she can prove no set of facts which would entitle her to relief.
The undersigned finds it unnecessary to address the other issues raised in Defendants' Motion to Dismiss.
*1048 Accordingly,
IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Doc. 14) is GRANTED;
IT IS FURTHER ORDERED that Plaintiff's Complaint (Doc. 4) is DISMISSED.
NOTES
[1] Defendants filed a Motion to Dismiss on October 9, 2001. See Doc. 9. By Motion filed October 15, 2001, Defendants sought leave of the court to substitute Document 14 for Document 9. See Doc. 10. The court granted Defendants' request. See Doc. 11.
[2] Plaintiff's complaint is partially handwritten. It appears to the undersigned that Plaintiff seeks $950 for restitution. Defendants' interpret Plaintiff's handwriting to indicate that she seeks $150 for restitution. See Doc. 14, Mem. at 1.